UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES C. WARREN, | |
| Plaintiff, | CASE NO. C17-1934 RAJ-BAT |
| v. | **REPORT AND RECOMMENDATION** |
| STEWART ANDREWS, MD, *et al.*, | |
| Defendants. | |

In this 42 U.S.C. § 1983 action, *pro se* plaintiff alleges that while detained in Snohomish County Jail until November 2014, defendants doctor Stewart Andrews, MD, nurse Debbie Bellinger, RN, and unnamed medical personnel violated his constitutional rights by showing deliberate indifference to his serious medical needs. Dkt. 16, at 13–15; *see also* Dkt. 9, at 1. The Court originally ordered plaintiff to show cause why this case should not be dismissed as time-barred and later declined to serve but allowed plaintiff leave to amend the complaint. Dkts. 6, 10. Having reviewed plaintiff's amended complaint and his motion for a temporary stay, the Court recommends **DISMISSING** this matter for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENYING** the motion for a temporary stay, Dkt. 20.

Plaintiff states that he has suffered from an autoimmune disease since the age of 10 years old. Dkt. 16, at 2. He alleges that from the time he was detained at Snohomish County Jail in

REPORT AND RECOMMENDATION - 1

November 2013 until he was transferred into Department of Corrections ("DOC") custody on November 18, 2014, he was subjected to deliberate indifference to his serious medical needs because: he was regularly served undercooked meat that triggered his condition; he received antibiotics late and without instructions and later could not obtain a refill; and Dr. Andrews, Ms. Bellinger, and all medical personnel responded inadequately to his autoimmune symptoms. Dkt. 16, at 2–15. Plaintiff does not refer to specific dates but suggests that defendants' conduct took place throughout his period of detention at Snohomish County Jail.

Plaintiff's amended complaint fails to state a claim upon which relief may be granted for two reasons. First, plaintiff's amended complaint is time-barred. For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Thus, the applicable limitations period for all of plaintiff's claims is three years. RCW 4.16.080(2). Although plaintiff suggests that his claims began to accrue as late as November 18, 2014, his action was filed December 28, 2017, i.e., more than three years later. In permitting submission of an amended complaint, the Court informed plaintiff that his action would be time-barred unless he could assert a colorable entitlement to equitable tolling.[1] Plaintiff has made no colorable assertion that he is entitled to equitable tolling. In answering the show-cause order, plaintiff appended a grievance to the DOC dated November 17, 2017, in which he claimed to have missed an important e-filing deadline because he was unable to access the law library between November 6 and November 13. Dkt. 9,

---

[1] Just as the forum state's statute of limitations applies to actions brought under § 1983, so too does the forum state's law regarding tolling apply to § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Under Washington law, "[t]he predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998) (citing *Finkelstein v. Security Properties, Inc.*, 776 Wn. App. 733, 739-40 (1995)).

REPORT AND RECOMMENDATION - 2

at 3. Plaintiff also claimed in a grievance dated January 29, 2018, that the failure to grant him "priority" law library access between January 8 and January 11 had impeded his ability to meet a late-January filing deadline. Dkt. 9, at 5. Neither of these grievances imply bad faith, deception, or false assurances by the defendants and the exercise of diligence by the plaintiff. Regardless, even if equitable tolling were applied for a week in November 2017, the statute of limitations still would have expired over a month before he filed the current suit on December 28, 2017. Any impediment to his law-library access that occurred in January 2018 could not have tolled a limitations period that had ended in 2017.

Second, plaintiff has failed to state a plausible claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008). An inmate asserting unconstitutional medical mistreatment must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. *See Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989). At most, plaintiff asserts inadequate treatment of his autoimmune condition because Dr. Andrews, Ms. Bellinger, and other medical staff did not agree with his diagnosis, did not treat his condition aggressively enough, and did not demand that his meat be cooked more thoroughly than the meat served to the other detainees. His narrative demonstrates that he was seen regularly by medical and dental staff

REPORT AND RECOMMENDATION - 3

and that he disagreed with medical personnel about how he should be treated. Such assertions do not plausibly state a violation of the Constitution.

Plaintiff also moves to stay this matter because his current health is impeding his ability to work on the case. Dkt. 20. Issuance of a temporary stay would be futile because the case is time-barred and the allegations do not state a plausible constitutional violation.

The Court recommends **DISMISSING** this case with prejudice for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENYING** plaintiff's motion for a temporary stay, Dkt. 20.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **October 18, 2018.** The Clerk should note the matter for **October 19, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 12 pages. The failure to timely object may affect the right to appeal.

DATED this 27th day of September, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4